# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTOPHER TRAVIS,

        Petitioner,

-vs-

L.C. EICHENLAUB,

        Respondent,
_____/

CASE NO. 07-CV-13321

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a habeas case brought pursuant to 28 U.S.C. § 2241. Christopher Travis, ("Petitioner"), a federal prisoner presently confined at the Federal Correctional Institution in Milan, Michigan, is challenging a determination by the Federal Bureau of Prisons ("BOP") concerning his eligibility for placement in a Community Corrections Center ("CCC"). For the reasons set forth below, the Court DISMISSES WITHOUT PREJUDICE the petition for writ of habeas corpus.

The instant petition must be dismissed, because Petitioner acknowledges that he has failed to exhaust his administrative remedies with the BOP prior to filing the instant petition.

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. June 18, 2003) (unpublished). The burden is on the habeas petitioner to prove exhaustion. *See, e.g., Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Petitioner has failed to meet his burden of showing exhaustion of

1

administrative remedies. Petitioner has failed to demonstrate that he has exhausted each of the claims contained in his habeas petition by filing an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court. *See, e.g., Bailey v. Hemingway*, No. 01-72188, 2001 WL 1525269, *2 (E.D. Mich. Aug. 9, 2001) (unpublished) (listing available remedies).

Petitioner contends that the United States Supreme Court and the Sixth Circuit have both indicated that a prisoner is not required to plead exhaustion pursuant to the Prisoner Litigation Reform Act (PLRA), as it is an affirmative defense under the PLRA. The provisions of the PLRA are inapplicable to habeas petitions filed under 28 U.S.C. § 2241. *Graham,* 68 Fed. Appx. at 591. Instead, § 2241 has its own exhaustion requirement for federal prisoners. *Id.* Therefore, the fact that exhaustion is an affirmative defense under the PLRA does not exempt Petitioner from satisfying the exhaustion requirement for filing a habeas petition pursuant to § 2241.

In addition, Petitioner has not shown that exhaustion would be futile. Exhaustion requires that a petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims. *See Fuller v. Rich*, 11 F. 3d 61, 62 (5th Cir. 1994). Presentation of the claims is sufficient to satisfy exhaustion. A petitioner must attempt to fully exhaust his administrative remedies before seeking federal habeas relief. *See, e.g., Six v. United States Parole Comm'n.*, 502 F. Supp. 446, 448 (E.D. Mich. 1980). Although Petitioner argues that administrative exhaustion would be futile, because of the BOP's mandatory policy of not considering prisoners for CCC placement prior to the final 10% or the last six months of their sentence, the BOP should nonetheless be given the opportunity to consider the application of its policy to Petitioner's claim before the matter is litigated in the federal courts. *See Taylor v.*

2

*United States,* 62 F.3d 1418, 1995 WL 460512, *3 (6th Cir. Aug. 2, 1995) (table opinion); *see also Marhsek v. Eichenlaub,* No. 06-13712, 2006 WL 2485855, *1 (E.D. Mich. Aug. 28, 2006) (unpublished); *Kielkopf v. Bureau of Prisons,* No. 06-13380, 2006 WL 2255432, *2 (E.D. Mich. Aug. 4, 2006) (unpublished); *Rodriguez v. Fed. Bureau of Prisons,* No. 06-12631, 2006 WL 1897296, *1 (E.D.Mich. July 11, 2006) (unpublished) (all rejecting the petitioner's argument that it would be futile for him to attempt to exhaust his administrative remedies with the BOP regarding his eligibility for placement in a community corrections center prior to seeking habeas relief).

The Court concludes that Petitioner has not fully exhausted his administrative remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. Since a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 29, 2007.

s/Denise Goodine

3

Case Manager