UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER TRAVIS,

        Petitioner,                              CASE NO. 07-CV-13321

-vs-                                          PAUL D. BORMAN
                                                  UNITED STATES DISTRICT COURT
L.C. EICHENLAUB,

        Respondent,
_____/

## OPINION AND ORDER
## (1) DENYING THE MOTION TO ALTER OR AMEND JUDGMENT; AND
## (2) DENYING THE MOTION FOR PRELIMINARY INJUNCTION AND FOR
## TEMPORARY RESTRAINING ORDER .

    Before the Court are: (1) Petitioner's motion to alter or amend judgment (Doc. No. 5); and (2) his motion for a preliminary injunction or temporary restraining order (Doc. No. 7). On August 29, 2007, this Court summarily dismissed Petitioner's application for habeas relief brought pursuant to 28 U.S.C.§ 2241, on the ground that Petitioner had failed to exhaust his administrative remedies with respect to his claim that the Federal Bureau of Prisons ("BOP") had failed to consider him eligible for placement in a Community Corrections Center ("CCC"). *See Travis v. Eichenlaub,* No. 07-13321, 2007 WL 2481041, *1 (E.D. Mich. Aug. 29, 2007) (unpublished). For the reasons stated below, the Court DENIES Petitioner's motions.

    **A.**    **Motion to Alter or Amend Judgment.**

    Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is discretionary with the district court. *Davis by Davis v.*

1

*Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration pursuant to E.D. Mich. L. R. 7.1. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Local Rule 7.1(g)(3) provides that in order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A "palpable defect" is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *See* E.D. Mich. L. R. 7.1(g)(3).

In his motion to alter or amend judgment, Petitioner does not deny that he has failed to exhaust his administrative remedies, but merely argues that it would be futile to do so, in light of the BOP's mandatory policy of not considering prisoners for CCC placement prior to the final

10% or the last sixth months of their sentences. However, this Court considered, and rejected Petitioner's futility argument in its original opinion and order of summary dismissal. *Travis,* 2007 WL 2481041, at *1-2.

Petitioner's motion to alter or amend judgment will therefore be denied, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed his habeas petition on the ground that he had failed to exhaust his administrative remedies prior to filing his petition. *See Hence,* 49 F. Supp. 2d at 553.

B. **Motion for Preliminary Injunction and for Temporary Restraining Order.**

Petitioner has also filed a motion for an injunction or temporary restraining order to prevent his transfer from the Federal Correctional Institution in Milan, Michigan, where he was incarcerated when he filed his initial petition, to the Federal Correctional Institution in Terre Haute, Indiana.

According to the Bureau of Prisons' Inmate Locator, Petitioner has now been transferred to the Federal Correctional Institution in Terre Haute, Indiana. In light of the fact that Petitioner has now been transferred to the federal prison in Terre Haute, Indiana, his request for an injunction or for a temporary restraining order to avoid such a transfer has been rendered moot. *See Fredette v. Hemingway,* 65 F. App'x. 929, 931 (6th Cir. Apr. 1, 2003) (unpublished).

III. **CONCLUSION**

For the foregoing reasons, the Court hereby:

(1) **DENIES** Petitioner's motion to alter or amend judgment (Doc. No. 5); and

(2) **DENIES** Petitioner's motion for preliminary injunction and for a temporary restraining order (Doc. No. 7).

3

**SO ORDERED.**

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: March 3, 2008

                                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 3, 2008.

                                              s/Denise Goodine
                                              Case Manager